IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NATIONAL ELEVATOR BARGAINING ASSOCIATION; and KONE, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS; and LOCAL UNION NO. 33,<br><br>    Defendants. | **No. 4:17-cv-00074-RGE-SBJ**<br><br>**ORDER RE: PLAINTIFFS' MOTION TO VACATE AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## I.    INTRODUCTION

Plaintiffs National Elevator Bargaining Association and KONE, Inc. bring this suit against Defendants International Union of Elevator Constructors and Local Union No. 33 contesting an arbitrator's award in favor of Defendants. The award granted overtime and mileage expenses to an individual traveling to his first day of work at KONE. Plaintiffs seek to vacate the arbitration award, alleging the award does not draw its essence from the parties' agreements. Pls.' Mot. Vacate, ECF No. 2. Defendants resist Plaintiffs' motion to vacate the award and move for summary judgment in their favor. Defs.' Resist. Mot. Vacate, ECF No. 16; Defs.' Mot. Summ. J., ECF No. 17.

On September 26, 2017, the Court held a hearing on these matters. Hr'g Mins. Pls.' Mot. Vacate & Defs.' Mot. Summ. J., ECF No. 30. Attorney Timothy Copeland appeared for Plaintiffs. *Id.* Attorney Jennifer Simon appeared on behalf of Defendants. *Id.* Each party argued in support of its motion and in resistance to the opposing motion. *Id.* For the reasons set forth below, the Court grants Plaintiffs' Motion to Vacate and denies Defendants' Motion for Summary Judgment.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiffs include two entities. The National Elevator Bargaining Association (the Association) is a union with employer members. *See* Compl. ¶¶ 5, 8, ECF No. 1. KONE is an employer member of the Association and is "engaged in the business of constructing, installing, modernizing, servicing and repairing elevators, escalators and related equipment." Pls.' Ex. 12 Supp. Pls.' Mot. Vacate Arbitration Award A.122, ECF No. 2-15; ECF No. 1 ¶ 6. Likewise, Defendants include two entities. The International Union of Elevator Constructors (the Union) is "the exclusive collective-bargaining representative of Elevator Constructor Mechanics, Assistant Mechanics, Helpers and Apprentices." ECF No. 1 ¶ 7. Local Union No. 33 is the Des Moines-based branch of the Union. *Id.*

The Association and the Union were parties to a collective-bargaining agreement (the Agreement), effective July 9, 2012, until July 8, 2017. ECF No. 1 ¶ 8; *see also* Pls.' Ex. 1 Supp. Pls.' Mot. Vacate Arbitration Award, ECF No. 2-4. There was also a local agreement—the Local Expense Agreement—governing travel time and expenses. Pls.' Ex. 2 Supp. Pls.' Mot. Vacate Arbitration Award, ECF No. 2-5. The parties agree the Agreement and the Local Expense Agreement (the parties' agreements) are the relevant governing documents in the present dispute.

The parties dispute an arbitration award for overtime and mileage expenses in favor of Defendants on behalf of Union member Alex Thompson. *See* ECF No. 1 ¶¶ 23–37; ECF No. 2-15. Thompson's name was on a list of ranked apprentice–applicants maintained by the Local Joint Apprenticeship Committee. The Agreement requires employers, such as KONE, to use this ranked applicant–apprentice list "[w]hen seeking Apprentice[–]applicants." ECF No. 2-4 at A.050–51, art. XXII, para. 1(b). When an employer in the Association seeks an apprentice–applicant, the Union refers the ranked apprentice–applicant's contact information to the employer. *See id.* at

2

A.051. "The Company has the right to reject any and all applicants referred to it by the Union."

*Id.* at A.051, art. XXII, para. 1(b).[1]

On Friday, August 16, 2013, a KONE employee "instructed Thompson to report to KONE's Des Moines office at 7 a.m. Monday, August 19, 2013." ECF No. 2-15 at A.132. "Thompson drove some ten hours and over 600 miles from his home in Rapid City[, South Dakota] to Des Moines over that weekend, stayed overnight in a hotel, and arrived at KONE's Des Moines office at 7 a.m." *Id.*[2] KONE did not pay Thompson $295.35 for overtime travel or $386.46 for mileage he incurred on August 17 and 18. Pls.' Ex. 3 Supp. Pls.' Mot. Vacate Arbitration Award, ECF No. 2-6; Pls.' Ex. 7 Supp. Pls.' Mot. Vacate Arbitration Award, ECF No. 2-10.[3]

Local Union No. 33 requested overtime and mileage reimbursement on Thompson's behalf and ultimately filed a grievance with the Union, claiming the Association violated the Agreement and the Local Expense Agreement. ECF No. 2-6. KONE asserted it did not pay overtime and mileage expenses to Thompson because "[p]rior to Monday[, Thompson] wasn't an employee of Kone." ECF No. 2-10 at A.100. As provided for by the Agreement, the parties submitted to arbitration on June 10, 2015, and March 8 through 10, 2016. *See* ECF No. 2-4 at A.038, art. XV (setting forth a procedure for grievances, including resolving the dispute through arbitration); Pls.' Exs. 8–11 Supp. Pls.' Mot. Vacate Arbitration Award, ECF Nos. 2-11 to 2-14 (transcripts of the arbitration proceedings). In submitting to arbitration, the parties agreed "the arbitrator does not

---

[1] At the hearing, Defendants argued employers in the Association do not have the right to reject an apprentice–applicant referred off the ranked apprentice–applicant list and must at least "begin the process of" employment. Defendants contend Plaintiffs chose to begin the process when they sent Thompson 600 miles from his home. The arbitrator likewise stated employers do not have "an express 'right to reject' individuals referred from the . . . 'ranked applicant' Apprentice list." ECF No. 2-15 at A.130.

[2] At the hearing, Plaintiffs disputed if KONE knew Thompson was traveling from Rapid City, South Dakota, at the time of the phone call.

[3] The arbitrator's decision states KONE did pay Thompson's hotel costs and "per diem" expenses, but notes there was no contractual obligation to do so. ECF No. 2-15 at A.132 n.1.

have the authority to add to, subtract from or modify in any way the provisions of [the] Agreement." ECF No. 2-4 at A.041, art. XV, para. 7.

The parties disputed, and the arbitrator discussed, two main provisions of the Agreement: Article II, Paragraph 1 and Article XIII, Paragraph 1. Article II is titled "Recognition Clause" and reads in relevant part:

> The Employer recognizes the Union as the exclusive Section 9(a) bargaining representative for all Elevator Constructor Mechanics, Elevator Constructor Helpers, Elevator Constructor Apprentices and Elevator Constructor Assistant Mechanics (hereinafter referred to sometimes as 'Mechanics, Helpers, Apprentices and Assistant Mechanics' or collectively as 'Elevator Constructor(s)') *in the employ of the Employers* engaged in the installation, repair, modernization, maintenance and servicing of all equipment referred to in Article IV, Par. 2 and Article IV (A).

ECF No. 2-4 at A.007 (emphasis added). Article XIII is titled "Traveling Time and Expenses." *Id.* at A.036. The first clause of Article XIII, Paragraph 1 reads: "When Elevator Constructors are sent outside the primary jurisdiction, but within the zoned area of the secondary, travel time and travel expenses shall be paid in accordance with the Local Expense Agreement." *Id.* On November 30, 2016, the arbitrator issued a decision finding KONE violated the Agreement when it failed to pay Thompson overtime and mileage expenses and ordered reimbursement. ECF No. 2-15.

Plaintiffs now request the Court vacate the arbitration award pursuant to Labor Management Relations Act § 301, 29 U.S.C. § 185. ECF No. 1 ¶¶ 2, 38–41 (listing one count: "Vacate Arbitration Award"); ECF No. 2. In their Answer to Plaintiffs' Complaint, Defendants raise several affirmative defenses and assert a counterclaim requesting the Court enforce the arbitration award and award them attorneys' fees. ECF No. 15. Defendants also ask the Court to grant summary judgment in their favor. ECF No. 17.[4]

---

[4] Defendants' brief in Resistance to the Motion to Vacate and Defendants' brief in support of their Motion for Summary Judgment are identical. *Compare* ECF No. 16-1, *with* ECF No. 17-2. The Court will refer to Defendants' brief at ECF No. 16-1.

The Court finds the arbitration award is contrary to the unambiguous terms of the parties' agreements and grants Plaintiffs' Motion to Vacate. For the same reasons, the Court denies Defendants' Motion for Summary Judgment.

### III.   LEGAL STANDARD

In general, arbitration awards are afforded great deference. *See, e.g.*, *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987); *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 595, 597 (1960); *Nat'l Football League Players Ass'n ex rel. Peterson v. Nat'l Football League*, 831 F.3d 985, 993 (8th Cir. 2016); *Alcan Packaging Co. v. Graphic Comm'n Conference*, 729 F.3d 839, 842 (8th Cir. 2013). In ruling on a motion to vacate, the question before the court is whether the arbitrator's award "draws its essence from the collective bargaining agreement." *Misco*, 484 U.S. at 36 (quoting *Enter. Wheel*, 363 U.S. at 597). A court must affirm an award so long as the arbitration decision demonstrates the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority." *Id.* at 38; *accord* 9 U.S.C. § 10(a); *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461–62 (8th Cir. 2001). An award may not be vacated simply because "a court disagrees with the arbitrator's construction or application." *Peterson*, 831 F.3d at 994. "[C]ourts . . . have no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam) (omission and alteration in original) (quoting *Misco*, 484 U.S. at 37). This standard is "justified because it is exactly what the parties mutually agreed upon by electing arbitration over judicial resolution of their conflicts." *Electrolux Home Prods. v. United Auto. Aerospace & Agric. Implement Workers*, 416 F.3d 848, 853 (8th Cir. 2005); *see also id.* ("It is the arbitrator's construction which was bargained for." (quoting *Enter. Wheel*, 363 U.S. at 599)).

However, an arbitrator's authority is not unlimited. "[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice." *Enter. Wheel*, 363 U.S. at 597; *see also Garvey*, 532 U.S. at 509. Thus, a court can vacate an award "where the arbitrator ignored or went beyond the plain text of the parties' agreement, and that text was unambiguous." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE), Local 7-0159*, 309 F.3d 1075, 1082 (8th Cir. 2002) (emphasis omitted); *see Wilko v. Swan*, 346 U.S. 427, 436–37 (1953) (setting forth "manifest disregard of the law" as a judicially created basis for vacating an award), *overruled on other grounds by Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477 (1989). The arbitrator does "not have the authority to alter the agreement by interpreting unambiguous language in a way contrary to its plain meaning." *Coca-Cola Bottling Co. v. Teamsters Local Union No. 688*, 959 F.2d 1438, 1440 (8th Cir. 1992). Similarly, an arbitrator may not "disregard or modify unambiguous contract provisions." *Boehringer Ingelheim Vetmedica, Inc. v. United Food & Commercial Workers*, 739 F.3d 1136, 1140 (8th Cir. 2014) (quoting *Trailmobile Trailer, LLC v. Int'l Union of Elec. Workers*, 223 F.3d 744, 747 (8th Cir. 2000)).

Despite the deferential standard of review, the Eighth Circuit has vacated arbitration awards on several occasions. For example, in *George A. Hormel & Co. v. United Food & Commercial Workers*, the court vacated an award "where [the] arbitrator fail[ed] to discuss a probative contract term and at the same time offer[ed] no clear basis for how he construed the contract to reach his decision without such consideration, [raising] . . . a strong possibility that the award was not based on the contract." 879 F.2d 347, 351 (8th Cir. 1989); *see also United States Postal Serv. v. Am. Postal Workers Union*, 907 F. Supp. 2d 986, 994 (D. Minn. 2012) (holding the arbitrator "did more than simply misinterpret the [collective bargaining agreement, r]ather, he

6

essentially 'rewrote it,' foisting requirements onto the Postal Service that did not exist" (emphasis omitted) (quoting *Mo. River Servs., Inc. v. Omaha Tribe of Neb.*, 267 F.3d 848, 855 (8th Cir. 2001))). Similarly, in *Boise Cascade Corporation v. PACE*, the Eighth Circuit found an award did not draw its essence from the agreement where the arbitrator "did not discuss the [actual] language" of the pertinent agreement, "did not recognize [an essential clause's] ambiguity, and consequently did not consider other evidence of the parties' intent." 309 F.3d at 1084. The court underscored that had the arbitrator analyzed the actual language of the agreement and recognized the ambiguity of the essential term "yet still reached the same result, his decision would have rested on a legitimate interpretation of the parties' agreement." *Id.* Absent this analysis, the court found "the award was not based on the contract." *Id.* (quoting *Hormel*, 879 F.2d at 351).

Additionally, in *Keebler Co. v. Milk Drivers and Dairy Employees Union Local No. 471*, the Eighth Circuit vacated an award where the arbitrator purported to look to the collective bargaining agreement to resolve the dispute, but then relied upon a settlement letter and past practices to discern the parties' intent. 80 F.3d 284, 288 (8th Cir. 1996). The court noted it would not have been able to "disturb the arbitrator's award if he [had] interpreted ambiguous language in the collective bargaining agreement or side agreement to support his conclusion . . . , even if his interpretation of the agreement had been erroneous." *Id.* However the court found "the arbitrator was not construing an ambiguous contract term, but rather was imposing a new obligation upon [the employer] thereby amending the collective bargaining agreement and the side agreement." *Id.*; *see also Excel Corp. v. United Food & Commercial Workers Int'l Union, Local 431*, 102 F.3d 1464, 1468 (8th Cir. 1996) (vacating an award where the arbitrator relied on parol evidence even though "the plain language in the applicable portions of the [collective bargaining agreement wa]s clear and unambiguous"); *cf. Star Tribune Co. v. Minn. Newspaper Guild Typographical Union*,

7

450 F.3d 345, 349 (8th Cir. 2006) ("The [collective bargaining agreement] did not define present practice, and the arbitrator therefore had to look at extrinsic evidence to inform his interpretation, including an examination of the past practice of the parties to the agreement.").

## IV. DISCUSSION

### A. Plaintiffs' Motion to Vacate

Plaintiffs request the Court vacate the arbitration award. ECF No. 2. Recognizing the deferential standard of review, Plaintiffs advocate the arbitrator exceeded his authority by: 1) "ignoring clear and unambiguous language" limiting the scope and coverage of the Agreement to "Elevator Constructors 'in the employ of the Employers,'" 2) "ignoring clear and unambiguous language . . . directing the parties to defer to the [Local Expense Agreement] to determine when and to whom travel time and travel expenses are to be paid," 3) "ignoring clear and unambiguous language in the [Local Expense Agreement] limiting its application to employees," 4) "expanding coverage of the [Agreement] to individuals not employed . . . but who are waiting to be hired," 5) "modifying the [Agreement] by concluding that all travel into the secondary jurisdiction requires the payment of travel expenses regardless of the . . . directive to defer to the [the Local Expense Agreement] and the [Local Expense Agreement]'s application only to employees," and 6) "issuing an award that is not based on negotiated, clear and unambiguous language and which does not draw its essence from the [Agreement]." Pls.' Br. Supp. Pls.' Mot. Vacate Arbitration Award 1, ECF No. 2-1; *id.* at 6–7 (articulating the standard of review). Plaintiffs identify Article II, Paragraph 1 and Article XIII, Paragraph 1 of the Agreement as the provisions the arbitrator ignored language from or exceeded. *See id.* at 1.

The Court first discusses the arbitrator's decision, then considers the arguments of the parties, and ultimately concludes the award must be vacated.

8

### 1.    Arbitration Award

The arbitrator began his analysis by framing the fundamental question of the dispute as: "What triggers the Employer's contractual obligations to pay . . . Article XIII-required travel time and expenses [under the Agreement]?" ECF No. 2-15 at A.136. The arbitrator quoted a portion of Article XIII, Paragraph 1, concluding it "could not be more crystal clear; both as to whom and under what circumstances those payments must be made by the Employer." *Id.* The arbitrator found the "two dispositive terms" of Article XIII, Paragraph 1 to be "Elevator Constructors" and "sent." *Id.*

To define the term "Elevator Constructors," the arbitrator looked to Article II, Paragraph 1. *Id.* He quoted a portion of Article II, Paragraph 1 as: "'Elevator Constructor Mechanics, Elevator Constructor Helpers, Elevator Constructor Apprentices, and Elevator Constructor Assistant Mechanics' . . . 'hereinafter referred to sometimes as "Mechanics, Helpers, Apprentices, and Assistant Mechanics" or collectively as "Elevator Constructor(s)."'" *Id.* The arbitrator omitted the portion of the definition stating "in the employ of the Employers." *Compare id.*, *with* ECF No. 2-4 at A.007. He found "the term Elevator Constructor includes all 'Apprentices', without differentiation among and between the many varieties of apprentice[s] referenced throughout the [Agreement]." ECF No. 2-15 at A.137.

Because the Agreement did not define the term "sent," the arbitrator looked to a "plain English language meaning of the verb 'send'" as defined in the Merriam-Webster Dictionary. *Id.* at A.137. He used the definitions of "Elevator Constructors" and "send" to determine to whom "travel time and travel expense shall be paid in accordance with the Local Expense Agreement" under Article XIII, Paragraph 1. *See id.*

The arbitrator concluded "[i]n short, under Article XIII it does not matter for what purpose the Company directed Mr. Thompson to undertake that 615 mile trip travel, *i.e.*, it is enough that KONE managers ordered, directed or 'sent' this Elevator Constructor to travel outside of his primary jurisdiction but within the zoned area of his secondary." *Id.* at A.138. The arbitrator found "Article XIII contains no such language modifying either the term 'Elevator Constructor' or the term 'sent' that could reasonably be read to so limit the reasons or circumstances which trigger the Employer's obligation to compensate an Elevator Constructor whom it sends outside of his primary jurisdiction." *Id.* at A.139. He specifically stated "Article XIII, not the [the Local Expense Agreement], is the seminal fountainhead." *Id.* The arbitrator concluded reading Article XIII "to apply only to new-hire Elevator Constructors after an interview, drug-test and formal placement on the Employer's personnel roster would require this [a]rbitrator to write new language into the [Agreement] Article XIII under the guise of interpretation." *Id.* He determined "Article XIII merely incorporates by reference various different local expense agreements, like the [Local Expense Agreement], to provide regionally tailored administrative parameters for primary/secondary jurisdictions and travel benefit amounts payable." *Id.* at A.140. The arbitrator expressly rejected Plaintiffs' "thesis that the word 'employees' in the [Local Expense Agreement] was mutually intended be anything less than synonymous with the words 'Elevator Constructors' in the first sentence of Article XIII." *Id.* The arbitrator also declared the Local Expense Agreement was not "intended to override or limit the reach and scope of the unequivocal language of the first sentence of Article XIII." *Id.* He held KONE violated the Agreement and the Local Expense Agreement by failing to pay Thompson for his overtime and mileage expenses. *Id.*

### 2.      Plaintiffs' Arguments

Plaintiffs contend the Court should vacate the arbitrator's award because "the [a]rbitrator entirely omitted . . . the last part of the quoted definition [of Article II, Paragraph 1 of the Agreement] which limits those Elevator Constructors eligible for the benefits of the [Agreement] to those 'in the employ of the Employers.'" ECF No. 2-1 at 8–9 (citing ECF No. 2-15 at A.136); ECF No. 2-4 at A.007, art. II, para. 1. Plaintiffs cite *George A. Hormel & Co.*, 879 F.2d 347 (8th Cir. 1989), and *United States Postal Service v. American Postal Works Union*, 907 F. Supp. 2d 986 (D. Minn. 2012), as similar cases where the arbitrator "ignored clear and unambiguous language . . . and thereby imposed new obligations." ECF No. 2-1 at 10. Plaintiffs advocate "[t]he phrase 'in the employ' cannot be ignored and must be given its ordinary meaning." *Id.* at 9. The ordinary meaning of this term limits the individuals entitled to travel time and expenses under the Local Expense Agreement to only those "in the employ of the Employers," argue Plaintiffs. *Id.* By concluding otherwise, Plaintiffs maintain, it is evident the arbitrator ignored this language. *Id.*

Plaintiffs additionally allege the arbitrator "omit[ted] the directive in Article XIII, [Paragraph] 1 that 'travel time and travel expenses shall be paid in accordance with the [Local Expense Agreement]'" when he determined Article XIII of the Agreement, not the Local Expense Agreement, was "the seminal fountainhead of the contractual travel expense employer obligation/employee benefit." *Id.* at 12 (first quoting ECF No. 2-4 at A.036, art. XIII, para. 1, then quoting ECF No. 2-15 at A.139). By ignoring the directive to pay expenses in accordance with the Local Expense Agreement, Plaintiffs argue "the Arbitrator relied on the wrong document when analyzing KONE's obligation to pay travel time and expenses." *Id.* at 13 (citing *Coca-Cola Bottling Co. v. Teamsters Local 688*, 959 F.2d 1438 (8th Cir. 1992)).

Plaintiffs contend the Local Expense Agreement on its face applies only to employees. *Id.* at 13 (citing ECF No. 2-5 at A.083). Plaintiffs note "[t]he [Local Expense Agreement] does not use the terms Elevator Constructor, Mechanic, Apprentice, Helper or Member in any instance," but instead uses the term "employees." *Id.* at 13–14. Plaintiffs contend "even if the Arbitrator's definition of Elevator Constructor was accurate, which it is not, only individuals who have been hired by one of the companies and are in fact 'employees' are eligible for any payment provided by the [Local Expense Agreement]." *Id.* In Plaintiffs' view, Article XIII and the Local Expense Agreement presumes the existence of an employment relationship. *See id.* Plaintiffs assert this omission is grounds to vacate the arbitrator's decision. *See id.*

Moreover, Plaintiffs contend implementing the arbitrator's error would require travel expenses to be paid to more individuals than the parties bargained for. Plaintiffs assert by ignoring "in the employ of the Employers" and failing to follow Article XIII, the arbitrator in effect expanded the Agreement to applicant–apprentices waiting to be hired. *Id.* at 14–18. Additionally, Plaintiffs allege the arbitrator impermissibly expanded the Agreement by determining the dispositive terms of Article XIII, Paragraph 1 were "Elevator Constructors" and "sent," thus eliminating "any particular relationship" for "one person to send 'someone or something' to a specific location." *Id.* at 14 (citing ECF No. 2-15 at A.136–37); *id.* at 16 (presenting a slippery slope argument about "the myriad of individuals and objects that KONE may send to another place"). Plaintiffs cite a Third Circuit case where the court "vacated [an] award because the arbitrator's requirement that bargaining unit employees and supervisors receive the same benefits was not based on the plain contract language, but was a prohibited modification of the labor contract." *Id.* at 14 (citing *Pa. Power Co. v. Local Union 272, Int'l Bhd. of Elec. Workers*, 276 F.3d 174, 180 (3d Cir. 2001)). Additionally, as argued at the hearing, Plaintiffs contend the

arbitrator failed to define who is covered under the Local Expense Agreement and who is not when he in effect expanded the definition of elevator constructors by failing to consider the phrase "in the employ of the Employers." *See id.* at 16–17. Because it is unclear who is covered under the arbitrator's expanded reading, Plaintiffs advocate the arbitrator exceeded his authority and reached a conclusion contrary to the parties' bargained-for agreements.

Plaintiffs also highlight another provision of Article XXII, Paragraph 1(b): "The Company has the right to reject any and all applicants referred to it by the Union." ECF No. 2-4 at A.051, art. XXII, para. 1(b); *see* ECF No. 2-1 at 3. Plaintiffs note this provision indicates a pre-employment window where apprentice–applicants are not yet entitled to the benefits afforded to employees under the Agreement. Pls.' Resist. Defs.' Mot. Summ. J. 7–11, ECF No. 21. Plaintiffs differentiate the provisions of Article XXII with other provisions of the Agreement and conclude "[t]he hiring provisions in Article XXII clearly do not entitle applicants to any of the numerous benefits to which employees are entitled." *Id.* at 11.

Furthermore, Plaintiffs allege the award does not draw its essence from the parties' agreements. Plaintiffs cite the arbitrator's description of Thompson's travel as "arduous and expensive." ECF No. 2-1 at 19 (quoting ECF No. 2-15 at A.138). Plaintiffs contend this description demonstrates the arbitrator's desire "to issue an award he considered fair" and "dispense[ ] his own notion of industrial justice." *Id.* Thus, Plaintiffs conclude "[u]nder any analysis, the Award must be vacated and set aside." *Id.* at 20.

Finally, Plaintiffs argue they are entitled to attorneys' fees. ECF No. 1 at 11. Plaintiffs contend they should not bear the cost of appealing an award contrary to the parties' agreements. *See id.*

### 3.      Defendants' Arguments

Defendants highlight the "extraordinary level of deference" owed to the arbitrator's decision in arguing the Court should affirm the arbitrator's award. ECF No. 16-1 at 9 (quoting *Boise Cascade*, 309 F.3d at 1080). Defendants note that "[i]n determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts resolved in favor of the arbitrator's authority." *Id.* at 11 (quoting *Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, Dist. 271*, 706 F.2d 228, 230–31 (8th Cir. 1983) (en banc)).

In advocating the arbitrator's decision "easily meets . . . this low bar," Defendants argue the arbitrator's award draws its essence from the parties' agreements. *Id.* at 11. Defendants phrase the issue before the arbitrator as: "at what point during the hiring process does the Company's obligation to pay travel time and travel expenses become effective?" *Id.* Defendants assert the arbitrator determined "once Mr. Thompson had been referred to KONE for employment in accordance with Article XXII, Paragraph 2, Mr. Thompson was a beneficiary of the coverage provided by Article XIII of the [Agreement] and [the Local Expense Agreement]." *Id.* at 12 (citing ECF No. 2-15 at A.137–38). Defendants contend the question the arbitrator resolved was whether Plaintiffs must compensate an individual for travel time when the individual is referred under Article XXII as an apprentice–applicant from the joint applicant list. *See id.* Defendants claim the award "is limited to an interpretation of the relationship between Article XXII and XIII of the [Agreement], as well as [the Local Expense Agreement]." *Id.* at 17. Defendants allege it is outside the scope of this dispute to determine when someone becomes an employee under the Agreement. *Id.*

Defendants argue the arbitrator did not ignore the plain language of the contract or modify its terms. Defendants assert "in the employ of" "is not part of the definition of 'Elevator

14

Constructors' under Article II, Section 1." *Id.* at 14. In the context of Article II, Paragraph 1, Defendants argue "in the employ of" defines the individuals the Union exclusively represents for bargaining purposes. *Id.* (citing ECF No. 2-4 at A.007, art. II, para. 1). Because "in the employ of the Employers" is not part of the term Elevator Constructors, Defendants argue the phrase does not modify the definition of Elevator Constructors. *Id.*; *see also* Defs.' Reply Br. Supp. Defs.' Mot. Summ. J. 1–3, ECF No. 25 (citing *NLRB v. Borg-Warner Corp.*, 356 U.S. 342, 349–50 (1958), for the premise that "parties are free to negotiate and agree on a wide range of 'permissive' subjects of bargaining . . . [including] individuals outside the bargaining unit"). Defendants point to Article XXII as "govern[ing] individuals who are not yet 'in the employ' of the signatory employers," and therefore concludes Plaintiffs' argument "is meritless on its face." *Id.* at 15. Defendants contend the arbitrator "explicitly considered and rejected [Plaintiffs'] arguments" and therefore distinguishes this case from *Hormel*. ECF No. 16-1 at 15, 16 n.6 (citing *Hormel*, 879 F.3d at 351 (vacating an award "where [the] arbitrator fail[ed] to discuss a probative contract term")). Defendants argue it is Plaintiffs, "not the Arbitrator, that seek[ ] to modify the Parties' Agreements by improperly elevating one word—'employee'—in the [Local Expense Agreement] over the structure of local and national payment of travel time and expenses." *Id.* at 16–17. Defendants assert the arbitrator's description of Thompson's trip as "arduous and expensive" was an example of sympathy, rather than as evidence the arbitrator dispensed his own notions of industrial justice. *Id.* at 19.

Defendants also argue they are entitled to attorneys' fees. Defendants allege attorneys' fees are appropriate because "the Arbitrator considered[ ] and rejected[ ] the same arguments by [Plaintiffs] that they now raise in this court." ECF No. 16-1 at 20.

####     4.       Analysis

The Court concludes the arbitrator's award does not draw its essence from the parties' agreements. Accordingly, the Court grants Plaintiffs' Motion to Vacate. The Court recognizes the deference to which arbitration awards are entitled and does not render its decision lightly. *See generally Peterson*, 831 F.3d at 993 (stating "the role of the courts is very limited"). The Court recognizes if an arbitrator is "arguably construing or applying the contract and acting within the scope of his authority," an award cannot be set aside even where the court "is convinced [the arbitrator] committed serious error." *Misco*, 484 U.S. at 36. Additionally, an arbitrator's "improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award." *Garvey*, 532 U.S. at 509 (internal quotation marks omitted).

The question before the Court is whether "the arbitrator's award 'draws its essence from the [parties' agreements].'" *Misco*, 484 U.S. at 37. An arbitration award "does not draw its essence from the [parties' agreements when] it is expressly contrary to the terms of the agreement." *Int'l Paper Co. v. United Paperworkers Int'l Union*, 215 F.3d 815, 818 n.1 (8th Cir. 2000). For an award to draw its essence from the agreement, an arbitrator may not "disregard or modify unambiguous contract provisions." *Boehringer Ingelheim Vetmedica*, 739 F.3d at 1140; *accord, e.g.*, *Misco*, 484 U.S. at 38 ("[T]he arbitrator may not ignore the plain language of the contract."); *Crawford Grp., Inc. v. Holekamp*, 543 F.3d 971, 978 (8th Cir. 2008) ("We may set an award aside . . . if the contract is not susceptible to the arbitrator's interpretation." (citation omitted)).

Applying these standards, the Court must vacate the award because the arbitrator disregarded clear and unambiguous language in Article II, Paragraph 1. The arbitrator looked to Article XIII, Paragraph 1 which states: "When Elevator Constructors are sent outside the primary jurisdiction, but within the zoned area of the secondary, travel time and travel expenses shall be

16

paid in accordance with the Local Expense Agreement." ECF No. 2-15 at A.136 (quoting ECF No. 2-4 at A.036). But then the arbitrator modified the Agreement when he considered only a portion of Article II, Paragraph 1 to define Elevator Constructors. A side-by-side comparison of the actual language of Article II, Paragraph 1 (on the left) and the arbitrator's quote of this paragraph (on the right), reveals the material omission:

| | |
|---|---|
| "The Employer recognizes the Union as the exclusive Section 9(a) bargaining representative for all Elevator Constructor Mechanics, Elevator Constructor Helpers, Elevator Constructor Apprentices and Elevator Constructor Assistant Mechanics (hereinafter referred to sometimes as 'Mechanics, Helpers, Apprentices and Assistant Mechanics' or collectively as 'Elevator Constructor(s)') *in the employ of the Employers* engaged in the installation, repair, modernization, maintenance and servicing of all equipment referred to in Article IV, Par. 2 and Article IV (A)." | "'Elevator Constructor Mechanics, Elevator Constructor Helpers, Elevator Constructor Apprentices, and Elevator Constructor Assistant Mechanics' . . . 'hereinafter referred to sometimes as "Mechanics, Helpers, Apprentices, and Assistant Mechanics" or collectively as "Elevator Constructor(s)."'"  ECF No. 2-15 at A.136. |

ECF No. 2-4 at A.007 (emphasis added).

The arbitrator entirely omitted the qualification that "Elevator Constructors" be "in the employ of the Employers." The arbitrator did not indicate his omission with ellipses, did not discuss the phrase during any part of his analysis, and did not explain why he omitted it. *See* ECF No. 2-15 at A.136–37. "In the employ of the Employers" is a limitation in Article II, Paragraph 1 the parties bargained for. In order for an award to draw its essence from the parties' agreements, the arbitrator must consider the entirety of the parties' agreements—including the phrase "in the employ of the Employers."

The arbitrator's failure to consider the full text of Article II, Paragraph 1 is comparable to the conduct of the arbitrator in *Boise Cascade*. In *Boise Cascade*, the court of appeals—and the district court—found the arbitrator erred in failing to discuss the phrase "any mill rules" in the parties' last chance agreement and vacated the arbitrator's award. 309 F.3d at 1080, 1087. The Eighth Circuit said the award did not draw its essence from the agreement because the arbitrator "did not discuss the language concerning 'any mill rules,' did not recognize its ambiguity, and consequently did not consider other evidence of the parties' intent." *Id.* at 1084. The court noted had the arbitrator considered this phrase, "yet still reached the same result, his decision would have rested on a legitimate interpretation of the parties' agreement." *Id.* at 1084; *see also Excel Corp.*, 102 F.3d at 1468; *Keebler Co.*, 80 F.3d at 288.

Akin to the phrase "any mill rules" in *Boise Cascade*, the phrase "in the employ of the Employers" is critical contract terminology. The arbitrator's consideration of the phrase was necessary because it "might reasonably require an opposite result." *See Boise Cascade*, 398 F.3d at 1083 n.7 ("Where, as here, the arbitrator fails to discuss critical contract terminology, which terminology might reasonably require an opposite result, the award cannot be considered to draw its essence from the contract." (quoting *Clinchfield Coal Co.*, 720 F.2d at 1369)). Had the arbitrator considered the entirety of Article II, Paragraph 1, including the phrase "in the employ of the Employers," the arbitrator's analysis could have rested on a legitimate interpretation of the parties' agreements. *See id.* at 1084. Moreover, like the phrase "any mill rules" in *Boise Cascade*, the phrase "in the employ of the Employers" could be considered ambiguous and may have warranted consideration of other evidence of the parties' intent. *See id.* at 1084; *Keebler Co.*, 80 F.3d at 288. Absent any analysis of this critical phrase, however, this award does not draw its essence from the parties' agreements and must be vacated.

The arbitrator's failure to include this dispositive language is also akin to the arbitrator's award in *Hormel*, where the court vacated the award because "[the] arbitrator fail[ed] to discuss a probative contract term and at the same time offer[ed] no clear basis for how he construed the contract to reach his decision without such consideration." 879 F.2d at 351–52. The Eighth Circuit pointed to a probative section of the parties' collective bargaining agreement—a section the arbitrator did not rely upon—and determined the arbitrator's interpretation of the collective bargaining agreement without consideration of this section was "untenable." *Id.* at 351. Importantly, the court noted that "[w]hile reasonable minds may differ on the meaning of [the sections the arbitrator did rely upon], any meaning conferred cannot be applied without at least some consideration of the lease provisions contained in [the section the arbitrator failed to consider]." *Id.* at 352.

Here, the arbitrator's analysis is "untenable" given his failure to consider the probative contract term "in the employ of the Employers." *Cf. id.* at 351. Without considering the relevant, probative language defining "Elevator Constructors" in Article II, Paragraph 1, and by offering no clear basis for his omission, the arbitrator's award cannot confer meaning on the relevant section directing the payment of travel expenses (Article XIII, Paragraph 1). *Cf. id.*; *Am. Postal Workers Union*, 907 F. Supp. 2d at 994 (finding the arbitrator "did more than simply misinterpret the [collective bargaining agreement, r]ather, he essentially 'rewrote it,' foisting requirements onto the Postal Service that did not exist" (emphasis omitted) (quoting *Mo. River Servs., Inc.*, 267 F.3d at 855)). Thus, the award does not draw its essence from the parties' agreement.

The arbitrator specifically stated there was "no such language modifying either the term 'Elevator Constructor' or the term 'sent' that could reasonably be read to so limit the reasons or circumstances which trigger the Employer's obligation to compensate an Elevator Constructor

whom it sends outside of his primary jurisdiction." ECF No. 2-15 at A.139. This demonstrates the arbitrator did not give any consideration to the phrase "in the employ of the Employers." *Cf. Hormel*, 879 F.3d at 351 (failing to consider a probative contract section); *Boise Cascade*, 309 F.3d at 1084 (failing to analyze a critical phrase).

Because there is no analysis of this phrase, the arbitrator's analysis fails to mention how the phrase "in the employ of the Employers" impacts the definition of "Elevator Constructor," or interacts with the term "employee" in the Local Expense Agreement. The arbitrator could have determined the phrase "in the employ of the Employers" narrowed the definition of Elevator Constructors entitled to travel time and travel expenses, or the arbitrator could have determined the phrase only impacted the definition of individuals covered under the bargaining unit. The arbitrator could have determined Thompson was "in the employ of the Employers," or determined Thompson was not yet "in the employ of the Employers." But absent any analysis of the parties' bargained-for contract language, several questions are left unresolved: Must an individual be "in the employ of the Employers" to be entitled to reimbursement? How does the phrase "in the employ of the Employers" relate to the phrase "employee" in the Local Expense Agreement? And ultimately, what individuals are entitled to reimbursement under Article XIII, Paragraph 1 of the Agreement and the Local Expense Agreement when considering the entirety of the parties' agreements? *Cf. Hormel*, 879 F.3d at 351–52 (noting "any meaning conferred cannot be applied without at least some consideration" of the probative contract section); *Boise Cascade*, 309 F.3d at 1084 (noting the arbitrator's analysis could have rested upon legitimate grounds had he considered the critical phrase). Even the arbitrator's question as he phrased it—"What triggers the Employer's contractual obligations to pay . . . Article XIII-required travel time and expenses

[under the Agreement]?"—is left unanswered when the entirety of the Article II, Paragraph 1 is not considered. ECF No. 2-15 at A.136.

Moreover, because the arbitrator completely omitted the phrase "in the employ of the Employers" from his analysis, the Court cannot conclude the arbitrator merely misinterpreted Article II, Paragraph 1. *Cf. U.S. Postal Serv.*, 907 F. Supp. 2d at 994 (stating the arbitrator was "'not free to ignore or abandon the plain language' of the [parties' agreements] and apply it to the [disputed facility] 'in effect amending[ing] . . . the [collective bargaining agreement] without authority'" (third alteration in original) (quoting *Excel Corp.*, 102 F.3d at 1468)). The parties agreed the arbitrator could not "add to, subtract from or modify in any way the provisions of [the] Agreement." ECF No. 2-4 at A.041, art. XV, para. 7. By failing to consider this critical phrase in his analysis, the arbitrator modified the parties' agreements, and the Court must vacate the award in light of the arbitrator's omission.[5]

Defendants assert the arbitrator considered and rejected Plaintiffs' argument that an individual must be an "employee" to be eligible for payment under the Local Expense Agreement. They suggest the arbitrator's consideration of this argument and analysis is essentially the same as if the arbitrator had considered the phrase "in the employ of the Employers." *See* ECF No. 16-1 at

---

[5] Plaintiffs make several other arguments, and point out several other alleged oversights of the arbitrator, in support of their position that the award does not draw its essence from the parties' agreement. *See, e.g.*, ECF No. 2-1 at 12 (faulting the arbitrator for determining Article XIII of the Agreement, not the Local Expense Agreement, was "the seminal fountainhead"); *id.* at 14–18 (noting the wide-reaching effects of implementing the arbitrator's award); *id.* at 19 (quoting the arbitrator's description of Thompson's trip as "arduous and expensive" as indicating a desire to "dispense[ ] his own brand of industrial justice"); ECF No. 21 at 7–11 (citing Article XIII, Paragraph 1(b) of the Agreement as suggesting a pre-employment window). The Court focuses its analysis on the arbitrator's omission of the phrase "in the employ of the Employers" because it specifically demonstrates the arbitrator's award fails to draw its essence from the parties' agreement. Mindful the Court may not "resolv[e] the merits of the parties' dispute on the basis of its own factual determinations, no matter how erroneous the arbitrator's decision," the Court declines to consider Plaintiffs' alternative grounds for vacating the award. *Garvey*, 532 U.S. at 511.

7 (citing ECF No. 2-15 at A.138–39). The arbitrator rejected Plaintiffs' argument regarding the use of the term "employee" in the Local Expense Agreement. ECF No. 2-15 at A.139. However, consideration of Plaintiffs' argument regarding the use of "employee" in the Local Expense Agreement differs from consideration of the phrase "in the employ of Employers" in Article II, Paragraph 1 of the Agreement. The phrase "in the employ of the Employers" is directly adjacent to the language the arbitrator used to define Elevator Constructors. The Court cannot know whether the arbitrator reached his holding in light of, or in spite of, the phrase "in the employ of the Employers" because the arbitrator wholly omitted this phrase from his analysis. The Court cannot know whether the arbitrator disregarded or considered the phrase "in the employ of the Employers." As the district court in *Boise Cascade* determined, "because the arbitrator ignored the operative language of the [parties' agreement], and did not provide any reason for his failure to mention the language, the award must be vacated 'because such shortcomings are an indication that the arbitrator has not interpreted the specific contract at issue.'" *Boise Cascade Corp. v. Paper, Allied-Indus., Chem. & Energy Workers, Local 7-0159*, No. 00-2344 RHK/RLE, 2001 WL 1618004, at *5 (D. Minn. Apr. 6, 2001) (quoting *Hormel*, 879 F.2d at 351); *accord U.S. Postal Serv.*, 907 F. Supp. 2d at 995 ("The arbitrator enjoyed no license to ignore this language, and he offered no explanation why he did so." (footnote omitted)). This is the rare instance where the Court must vacate the arbitrator's award and remand the case for further proceedings. *Garvey*, 532 U.S. at 511 ("Even when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings." (citations omitted)).

### B. Defendants' Motion for Summary Judgment

Because the Court grants Plaintiffs' Motion to Vacate, the Court denies Defendants' Motion for Summary Judgment. Summary judgment is appropriate when there is "no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56. For the reasons stated above, Defendants are not entitled to judgment in their favor as a matter of law.

### C.   Attorneys' Fees

The Court declines to award attorneys' fees to either party. A federal court generally does not award attorneys' fees to the prevailing party unless authorized by statute, there is a written agreement between the parties authorizing the award of attorney's fees, or the losing party acted in bad faith. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257–60 (1975); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (per curiam) ("An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees."); *Lackawanna Leather Co.*, 706 F.2d at 232. The Federal Arbitration Act does not contain an authorization for attorneys' fees. *See generally* 9 U.S.C. §§ 1–14; *Lackawanna Leather Co.*, 706 F.3d at 232 ("Attorneys' fees are not authorized by statute in suits to enforce arbitration awards."). Similarly, Iowa law does not provide for attorneys' fees without specific contractual or statutory authorization. Neither party has cited any contract provision entitling them to attorneys' fees. And, Plaintiffs' refusal to abide by the arbitrator's award had merit. Even had the court not ruled in their favor, the Court determines Plaintiffs did not act in bad faith in questioning the arbitrator's award. *See United Farm Tools, Inc.*, 762 F.2d at 77. Thus, the Court denies both parties' requests for attorneys' fees.

## V.   CONCLUSION

The Court grants Plaintiffs' Motion to Vacate the Arbitration Award. ECF No. 2. The arbitrator ignored clear and unambiguous language and failed to issue an award drawing its essence from the parties' collective bargaining agreement and local expense agreement. The Court denies

Defendants' Motion for Summary Judgment. ECF No. 17. The Court also denies both parties' requests for attorneys' fees.

**IT IS ORDERED** that Plaintiffs' Motion to Vacate, ECF No. 2, is **GRANTED** and Defendants' Motion for Summary Judgment, ECF No. 17, is **DENIED**.

Dated this 15th day of February, 2018.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE